**CARRIE E. HURTIK, ESQ.**
Nevada Bar No. 7028
6767 W. Tropicana Ave., Suite 200
Las Vegas, Nevada 89103
(702) 966-5200
(702) 966-5206 Facsimile
Attorney for Debtor,
DMVH LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>DMVH LLC,<br><br>            Debtor. | Case No.: BK-22-11947-NMC<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 305(a) AND 1112(b) DISMISSING DEBTOR'S CHAPTER 11 CASE** |

COMES NOW DMVH LLC, debtor-in-possession in this Chapter 11 case (the "**Debtor**"), respectfully moves the Court for an order, substantially in the form attached to this motion as *Exhibit A* (the "**Proposed Order**"), under Bankruptcy Code §§ 305(a) and 1112(b) and Bankruptcy Rule 1017(a), dismissing this Chapter 11 case. This Motion is supported by the entire record before the Court and by the following:

**Jurisdiction**

1.  On June 3, 2022 (the "Petition Date"), DMVH LLC (the "Debtor") filed a voluntary petition in this Court under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtor continues to manage its remaining assets as a debtor-in-possession under Bankruptcy Code §§ 1107 and 1108.

2.  This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Under LR 1001(a) of the

Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), the Debtor consents to the Court's entry of a final order on this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection with this Motion consistent with Article III of the United States constitution. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief this Motion seeks is Bankruptcy Code §§ 305(a) and 1112(b) and Bankruptcy Rule 1017(a).

4. No official committees have been appointed in this case.

### Background Facts Concerning the Debtor

5. Information concerning the Debtor's former business operations and the events leading up to this Chapter 11 case is contained in the Chapter 11 Subchapter V Voluntary Petition field on June 3, 2022.

### Sale of Asset

6. On June 3, 2022, a foreclosure auction was held and the Subject Property, a Single Family Residence located at 4790 Gracemont Avenue, Las Vegas, Nevada 89139 was sold. As a result of the sale the Creditor, Mr. Cooper's debt has been resolved.

### Case Status

8. As a result of the Sale, the Debtor's financial and business affairs have been reduced to none.

9. The Debtor has no further remaining debts to be paid.

### RELIEF REQUESTED

11. By this motion, the Debtor requests that the Court enter the Proposed Order dismissing this case and granting related relief by dismissing this proceeding.

**Cause Exists to Dismiss Case**

12. Under Bankruptcy Code § 1112(b)(1), a bankruptcy court must dismiss a case "for cause": "on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested … dismissal is not in the best interests of creditors and the estate, the court shall … dismiss a case … in the best interests of creditors and the estate, if the movant establishes cause." In re 3 Ram, Inc., 343 B.R. 113, 119 (Bankr. E.D. Pa. 2006) ("Under new § 1112 when cause is found, the court shall dismiss or convert unless special circumstances exist that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate").

13. Causes exists to dismiss this case. Bankruptcy Code § 1112(b)(4) contains a non- exhaustive 4 list of 16 separate 5 grounds for dismissal. The first of these grounds, § 1112(b)(4)(A), is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Here, the Debtor's most profitable property has been foreclosed upon. The only remaining issue is to negotiate with the lien holders of the remaining properties. But administrative claims such as professional fees and U.S. Trustee fees, continue to accrue each day this case remains open.

14. For these reasons, including the absence of a reasonable likelihood of rehabilitation and the fact that a Chapter 11 plan is neither feasible nor in creditors' best interests, cause exists to dismiss this case under § 1112(b)(4).

**Best Interests of Creditors**

15. Dismissal serves the best interests of the Debtor's creditors. Once a movant establishes "cause" under § 1112(b), a bankruptcy court must consider the second question of whether to dismiss the case or convert it to Chapter 7. Several considerations compel this Court

to conclude that dismissal, rather than conversion of this case to Chapter 7, best serves the interests of the Debtor's creditors. Incurring the considerable administrative expenses associated with a Chapter 11 plan and disclosure statement process simply to negotiate the outstanding Mortgages is wasteful and would materially harm creditors' interests. The Creditor's interest is secured by real property, and they have the ability to foreclose in the event an agreement cannot be negotiated.

### Dismissal is Warranted under § 305(a)

16. As an alternative to dismissal under § 1112(b), the Court may dismiss this case under § 305(a) "after notice and a hearing … at any time if— (1) the interests of creditors and the debtor would be better served by such dismissal …." Dismissal under § 305(a) is only appropriate where the court finds that both creditors and the debtor's interests would be better served by dismissal. Several criteria inform a court's inquiry regarding the interests of creditors and the debtor in this context, including (a) the economy and efficiency of administration, (b) whether federal proceedings are necessary to reach a just and equitable solution, (c) whether there is an alternative means of achieving an equitable distribution of assets, and (d) whether the debtor and the creditors are able to work out a less expensive out- of-court arrangement that better serves all interests in the case.

### Requested Dismissal is Permissible and Appropriate

17. The dismissal requested in this motion is a straightforward, simple dismissal of this case. The only additional relief sought in the Proposed Order comprises: (a) a provision ensuring that the validity and enforceability of this Court's prior orders,, survive dismissal; (b) this Court's retaining of jurisdiction to hear final fee applications for Counsel Fees. No creditor priorities are reordered or skipped. No settlement among creditors is proposed. No releases are

sought. The dismissal requested here is not the type of "structured" dismissal that remotely implicates the U.S. Supreme Court's decision in <u>Czyzewski v. Jevic Holding Corp. (In re Jevic Holding Corp.),</u> 137 S. Ct. 973 (2017).

### **NOTICE**

19.  Notice of this Motion has been provided to: (a) the Office of the U.S. Trustee; (b) all creditors (including the Petitioning Creditors) and all equity holders; (c) all parties requesting notice under Rule 2002. The Debtor respectfully submits that no further notice of this motion is required under Rule 2002 or Local Rule 2002-1(b).

For the foregoing reasons, the Debtor respectfully requests that the Court enter the Proposed Order substantially in the form attached to this Motion as Exhibit A and grant any additional relief the Court deems appropriate.

THEREFORE, Debtor respectfully requests Your Honor grant the Debtor's Motion for Order Under Bankruptcy Code §§ 305(a) and 1112(b) Dismissing Debtor's Chapter 11 Case.

DATED this 6th day of July, 2022.

**HURTIK LAW & ASSOCIATES**

/s/    *Carrie E. Hurtik*

**CARRIE E. HURTIK, ESQ.**
Attorney for Debtor,
DMVH LLC

5

# CERTIFICATE OF MAILING

STATE OF NEVADA        )
                       ) ss.
COUNTY OF CLARK        )

I, XIOMARA G. SANCHEZ, declare:

Pursuant to FRCP 5(b) I hereby certify that I am a resident of and employed in Clark County, Nevada. I am over the age of eighteen years and not a party to the within action. My business address is 6767 W. Tropicana Avenue, Suite 200, Las Vegas, NV 89103.

On July 6, 2022, I served the document described as **DEBTOR'S MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 305(A) AND 1112(B) DISMISSING DEBTOR'S CHAPTER 11 CASE** on the parties listed below:

| Mr. Cooper | U.S. Trustee |
|---|---|
| 8950 Cypress Waters Boulevard | USTPRegion17.lv.efc@usdoj.gov |
| Coppell, TX  75019 | |

☒ **VIA U.S. MAIL:** by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence by mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage fully prepaid at Las Vegas, Nevada in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☒ **VIA ELECTRONIC MAIL:** by transmitting to an electronic mail maintained by the person on whom it is served at the electronic mail address as last given by that person on any document which he/she has filed in the action and served on the party making the service. The copy of the document served by electronic mail bears a notation of the date and place of transmission and the electronic mail address to which transmitted. A confirmation of the electronic mail containing the electronic mail addresses to which the document(s) was/were transmitted will be maintained with the document(s) served.

**Notice is hereby given that unless a responsive pleading is filed within 21 days from the date of this service, an order granting this motion may be issued by the Court without further notice or hearing as provided by L.B.R. 9103-1(b).**

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Las Vegas, Nevada, on July 6, 2022.

/s/ *Xiomara G. Sanchez*
_____
XIOMARA G. SANCHEZ an employee of
CARRIE E. HURTIK, ESQ.

# EXHIBIT A

UNITED STATES BANKRUPTCY
COURTDISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>DMVH LLC,<br><br>Debtor | Chapter 11<br><br>Case No. BK-22-11947-NMC |

**[PROPOSED] ORDER GARNTING DEBTOR'S MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 305(a) AND 1112(b) DISMISSING DEBTOR'S CHAPTER 11 CASE**

Upon consideration of the *DEBTOR'S MOTION FOR ORDER UNDER BANKRUPTCY CODE §§ 305(a) AND 1112(b) DISMISSING DEBTOR'S CHAPTER 11 CASE* (the "Motion"), pursuant to § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) and Local Rule 2014-1;  and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that the Dismissal in the best interest of the Debtor's estate and its creditors; and it appearing that notice of the Motion was adequate and proper under the circumstances of this case, and it appearing that no further notice of the Motion is required; and the Court having found that good and sufficient cause exists for granting the Application; it is hereby;

**ORDERED**, that the Motion is granted; and it is further;

**ORDERED**, that all previous orders issued in this matter are still in effect;

**ORDERED**, that all compensation to HURTIK LAW & ASSOCIATES for services rendered to the Debtor, and reimbursement of expenses incurred in connection therewith, shall be submitted to and approved by this Court, in accordance with Bankruptcy Code §§ 327, 330

and 331, such Bankruptcy Rules and Local Rules of this Court as may then be applicable, and any orders of this Court governing such matters;and it is further;

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____, 2022.

_____
United States Bankruptcy Judge

Respectfully Submitted By:

**HURTIK LAW & ASSOCIATES**

*/s/ Carrie E. Hurtik*
_____
**CARRIE E. HURTIK, ESQ.**
Nevada Bar No. 7028
6767 W. Tropicana Avenue, Suite 200
Las Vegas, Nevada 89103
Attorneys for Debtor
DMVH, LLC

9